**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

United States of America,
    Plaintiff,

       v.

Efren Irizarry-Colon,
    Defendant.

**Criminal No. 05-258 (JAG)**

## REPORT AND RECOMMENDATION

    This matter is before the court on two (2) motions to dismiss submitted by defendant, Efren Irizarry-Colon ("defendant"). Defendant seeks several counts of the indictment dismissed for multiplicity, double jeopardy and for failure to charge a committed offense. After review of the record and pertinent law, the court **RECOMMENDS** that defendant's motions to dismiss (Docket Nos. 27, 31) be **DENIED**.

**I.      Procedural History & Relevant Factual Background**

    A sealed indictment was returned on July 28, 2005. <u>See</u> Docket No. 2. The same states that in September 1998, the island of Puerto Rico suffered significant damage in the passing of Hurricane Georges. <u>See</u> Docket No. 2, ¶¶ 1, 2. As a result the United States provided millions of dollars in economic disaster assistance to qualified farmers who had been substantially affected by the hurricane. <u>Id.</u> at ¶ 4. The indictment further alleges that defendant was a duly licensed attorney and notary in Puerto Rico and acted as a Farm Service Agency ("FSA") approved closing agent and attorney in emergency and operating loan disbursement. <u>Id.</u> at ¶¶ 7, 8. The thirty-seven (37) count indictment imputes defendant of conspiring with others to, *inter alia*, make false entries of information in connection with the application for disaster relief loans, made false in connection with said loans, and defrauding the government of an excess of ten-million dollars ($10,000,000.00) in the process. <u>Id.</u> at pp. 5 - 79.

    The defendant filed his first motion to dismiss for failure to charge a committed offense. <u>See</u> Docket No. 27. The government opposed the motion. <u>See</u> Docket No. 40. The defendant then filed a second motion to dismiss several counts of the indictment for multiplicity and double jeopardy.

**Criminal No. 05-258 (JAG)**                    2

<u>See</u> Docket No. 31. The motion was duly opposed and defendant submitted a timely reply. <u>See</u> Docket Nos. 34, 38. The matter was referred to the undesigned for report and recommendation. <u>See</u> Docket No. 46.

## II.    Legal Analysis

### A.    *Multiplicity & Double Jeopardy*

The Double Jeopardy clause of the Fifth Amendment mandates that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. The clause allows for several safeguards, including protection against multiple punishments for the same offense. <u>North Carolina v. Pearce</u>, 395 U.S. 711, 717 (1969). An indictment is multiplicitous when it charges a single offense multiple times, in separate counts, when in law and fact, only one crime has been committed. <u>United States v. Brandon</u>, 17 F.3d 409, 422 (1st Cir. 1994). A multiplicitous indictment creates two potential problems: first, the defendant might receive multiple sentences for the same offense; second, the jury may be improperly prejudiced by the suggestion that the defendant has committed several crimes instead of one. <u>United States v. Langford</u>, 946 F.2d 798, 802 (11th Cir. 1991). This is not to say, however, that the same conduct cannot violate several distinct statutes.

In determining dismissal of counts based on multiplicity, the court looks to whether there are two offenses or only one. <u>See</u> <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1937). In doing so, the court analyzes whether each statutory provision requires proof of an additional fact that the other does not. <u>Id.</u>; <u>United States v. Serino</u>, 835 F.2d 924, 929 (1st Cir. 1987). If the statues require different elements, then the offenses stand separately and multiplicity does not exist. The court analyzes whether the present indictment is facially multiplicitous in turn.

Defendant argues that counts 2, 4, 6, 8, 22, and 34, charged pursuant to 18 U.S.C. § 1006, are multiplicitous to counts 3, 5, 7, 9, 23, and 35, charged pursuant to 18 U.S.C. § 1014. In order to obtain a conviction for false entry of information under § 1006 , the government must prove that the defendant: 1) was an agent, employee or was connected with [any of the named institutions], 2) intended to defraud [any of the named institutions], by 3) making any false entry in any book, report or statement to any such institution. Similarly, in order to obtain a conviction for false statements under § 1014, the government must prove that the defendant: 1) knowingly made any false

statements or reports, 2) for the purpose of influencing any named institution, 3) in any application or loan, *inter alia*.

The First Circuit has rested on the premise, absent a Supreme Court ruling to the contrary, that materiality is an element of  false entry of information under § 1006.  United States v. Blasini-Lluberas, 169 F.3d 57, 66 (1st Cir. 1999); United States v. Colon-Muñoz, 192 F.3d 210, 222-23 (1st Cir. 1999).  But cf. United States v. Parks, 68 F.3d 869, 865 (5 th Cir. 1995) (holding that materiality is an element).  Similarly, materiality has been found not to be an element under § 1014.  Id.; United States v. Wells, 519 U.S. 482, 490 (1997).

In support of dismissal, defendant cites United States v. Colon-Muñoz, because the district court dismissed one count based on multiplicity pursuant to §§ 1006 and 1014.  1999 LEXIS 14633, *11 (D.P.R. Sept. 25, 1995).  In that case, the district court dismissed one count of several pursuant to §§ 1006 and 1014 because the defendant had been charged using the same "material false information." Id. at *12.  Notwithstanding, the district court did not dismiss all counts, as defendant in this case pleads.  In fact, Colon-Muñoz was tried and found guilty of one count of false entry of information pursuant to § 1006 and one count of false statements pursuant to § 1014.  United States v. Colon-Muñoz, 192 F. 3d at 220.  The conviction on false statements was later overturned but only for lack of sufficiency of evidence and not because of double jeopardy or multiplicity.  Id. at 223-25.  Colon-Muñoz thus supports the proposition that charges pursuant to §§ 1006 and 1014 are not multiplicitous *per se*.

Furthermore, the government contends that the facts laid out in the indictment are part of a two-fold process of fraud allegedly committed by the defendant, thus, implicating him in two distinct violations.  A review of the indictment demonstrates that the government articulated with enough specificity facts that would support the offenses as alleged.  See Docket No. 2, pp. 38 – 47.  Thus, the court recommends that dismissal of counts 2-9, 22, 23, 34, and 35 be denied.

**B.     *Failure to charge a committed offense***

Defendant seeks dismissal of counts two (2) through thirty-one (31) of the indictment for failure to charge a criminal offense.  Specifically, defendant argues that the amendments made to §§ 1006 and 1014 were made effective for violations committed after October 22, 1999 and under

the Farm Service Agency ("FSA"), none of which applies to the facts alleged against him in the indictment. Defendant argues that the FSA was not contemplated under §§ 1006 and 1014 by Congress therefore making the violations alleged innocent when committed. Recent cases decided in this district suggest otherwise.

The FSA was created by the Secretary of Agriculture in October 1994. A reorganization of the United States Department of Agriculture resulted in the Consolidated Farm Service Agency, renamed FSA in November 1995. In October 1999, Congress amended §§ 1006 and 1014 to include the words "or successor agency" after the sections mentioning Farmers Home Administration (the preceding agency). The legislative history on this amendment refers to these changes as "technical" ones. See Docket No. 34, p. 4.

This issue was recently decided in this district.[1] In United States v. Alfonso-Reyes, the court determined that the USDA reorganization, in no way, changed the status of the underlying entity, the FSA, as a federally affiliated lender, nor placed it outside of the jurisdiction of the Secretary of Agriculture. 410 F.Supp.2d 54, 56 (D.P.R. Jan. 17, 2006). The court noted that the amendment was limited to reflect the transfer in functions to the consolidated FSA and in no way made criminal and punishable any act that was innocent when committed. Id.

In support of its opposition, the government attached an order of the Texarkana Division of the U.S. Court for the Western District of Arkansas. See Docket No. 34, Exh. 1. The court in that case concluded that the FSA is a covered entity within the meaning of the statute [§ 1014]. Id. at page 2. The court further noted: "the statute forbids making false statements to induce and agency of the government structured under the governing head of the Department of Agriculture to lend money... The FSA is without contradiction an agency of the Department of Agriculture and functions to make emergency loans to farmers in need. Any other construction of the statute is not tenable." Id. The government also cites several instances where courts have taken it as a given the FSA as a

---

[1] The issue was analyzed under § 1014 exclusively. However, given that both §§ 1006 and 1014 contain the same "successor agency" provision at issue, the court's analysis and analogy to United States v. Alfonso Reyes applies to both sections.

**Criminal No. 05-258 (JAG)**          5

successor agency to the Farmers Home Administration.  See <u>J.C. Bass v. U.S.D.A.</u>, 211 F.3d 959, 961 n. 1 (5th Cir. 2000); <u>Seward v. U.S.D.A.</u>, 229 F.Supp.2d 557, 561 n. 7 (S.D. Miss. 2002); <u>Bukaske v. U.S.D.A.</u>, 193 F.Supp.2d 1162, 1163-64 (D.S.D. 2002); <u>Vogel v. Glickman</u>, 117 F.Supp.2d 572, 580 (W.D. Tex. 2002).

Given these holdings, this court recommends that defendant's motion to dismiss for failure to charge a committed offense be denied.  The court notes, however, that defendant's arguments are not entirely unsubstantiated, as also pointed out in <u>United States v. Alfonso-Reyes</u>.  2006 WL 925209 (D.P.R. April 10, 2006).  That issue is currently under appeal.

**III.    Conclusion**

Therefore, for the aforementioned reasons, the court **RECOMMENDS** that defendant's motions to dismiss be **DENIED**.  (Docket Nos. 27, 31).

Under the provisions of 28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection with the Clerk of Court within ten (10) days of being served with a copy thereof.  The written objections must specifically identify the portion of the report and recommendation to which objection is made and the basis for such objection.  Failure to comply with this rule precludes further appellate review.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111(1986); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED**.

In San Juan, Puerto Rico this 19th day of June 2006.

*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States Magistrate-Judge